I am in favor of affirming the judgment of the supreme court.

———◆◆———

## COUNTY COURT.

S. M. BAIRD, respondent agt. JOHN G. PRIDMORE, appellant.

A *summons* issued by a justice of the peace does not require a United States revenue *stamp*.

*Livingston County, May* 12, 1865.

HUBBARD, County Judge. This action was commenced by summons, issued by a justice of the peace, and which was as follows: " To answer S. M. Baird in a civil action to his damage of two hundred dollars or under." There is no other statement of claim in the summons. The summons was not stamped.

It is claimed by appellant that it should have been stamped with a fifty cent internal revenue stamp, and for lack of such stamp it was void, and the judgment should be reversed.

The respondent claims: 1st. That the law requiring the process of state courts to be stamped is unconstitutional. 2d. That the summons in this case is not within the requirements of the law.

The authorities on the question of the constitutionality of the law are very near equal, and it might seem ostentatious for a county court to give an elaborate opinion determining the just weight of the respective authorities, unless absolutely necessary. On a careful consideration of the whole matter, I do not think such necessity exists in this case. I will assume the law to be constitutional. The question then remains: Does the law require a justice's summons to be stamped? It is clear that by the terms of the law the only process from a justice's court requiring to be stamped is a "*writ*, in which the amount claimed is $100 or over." The question in this case then is: Is this summons a "*writ*" claiming $100 or over? But leaving out the latter clause, is it a "*writ*" within the meaning of the law? It is a little difficult to determine what is now in this state a true definition of the term *writ*. But a common law definition, and which congress may well have had in view, requires a seal. (*See Bouvier's Law Dictionary, Writ.*) This summons neither had nor required a seal. Nor did a justice's warrant require a seal at common law (42 *Barb. R.* 215). It was, therefore, not regarded as a writ. It might be under seal, and would then probably be considered a writ.

If it requires a seal within the meaning of this law to constitute a "*writ*," then of course this summons needed no stamp. By the terms of the law, "*writs or other original process* in courts of record" require stamps. But in justices' courts "*other original process*" do not require stamps. And "no writ, *summons*, or other process, issued by a justice of the peace," except "*a writ* in which is claimed $100 or over," is subject to stamp duties.

This summons did not require *any statement of claim*, and

the respondent insists that it should not be interpreted to state any. But whatever may be its true interpretation in that respect, or whatever may be held to be a correct definition of "*writ*," it will still be difficult to hold that a justice's summons requires a stamp. Congress has clearly made a distinction between "writs, *summons and other original process*," and in courts not of record, has only taxed "*writs*," while "summons or other process, issued by a justice of the peace, except writs," are exempt. If we cannot tell precisely what they included in each class of "summons," "writ" and "other process," we can yet see that they made the classes, and that they more probably included justices' summons in the class of "summons and other original process," than in the class of "*writs*."

In this view the judgment should be affirmed.